UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| United States of America, | Case No. 20-cr-197 (DWF/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Esteban Ramos, | |
| Defendant. | |

---

This matter comes before the Court on Defendant Esteban Ramos's Motion for Continuance of Motion Filing Date (ECF No. 26). Defendant has also filed a Statement of Facts in Support of Exclusion of Time Under the Speedy Trial Act (ECF No. 27). Defendant requests a 30-day continuance of the deadline to file motions and the motions hearing scheduled for February 16, 2021, as he and his counsel "need additional time to review discovery, analyze his matter, and discuss options for resolving his case." (ECF No. 26; *see also* ECF No. 27.) The Government has no objection to the requested continuance. (ECF No. 26.)

Additionally, beginning on March 13, 2020, and continuing thereafter, the Honorable John R. Tunheim, Chief District Judge for the United States District Court for the District of Minnesota, has issued a series of General Orders in connection with the COVID-19 pandemic, addressing, among other things, criminal proceedings and trials.[1]

---

[1] All General Orders related to the COVID-19 pandemic may be found on the Court's website at https://www.mnd.uscourts.gov/coronavirus-covid-19-guidance.

1

On November 24, 2020, Chief Judge Tunheim entered General Order No. 22, which continues all in-person hearings, unless the presiding judge determines that an in-person hearing is necessary, through January 31, 2021, and states that no new criminal trial may commence before February 1, 2021. *See generally In re: Updated Guidance to Court Operations Under the Exigent Circumstances Created by COVID-19*, Gen. Order No. 22 (D. Minn. Nov. 24, 2020).

General Order No. 22 continues to encourage the use of videoconferencing in criminal proceedings and states that, with the defendant's consent, criminal proceedings will be conducted by videoconferencing, or telephone conferencing if videoconferencing is not reasonably available.[2] General Order No. 22 further provides that, if the defendant declines to consent to proceeding by videoconferencing or telephone conferencing, the matter can be continued until an in-person hearing can be held and time may be excluded under the Speedy Trial Act. **Accordingly, should Defendant file pretrial motions, counsel shall also file a letter indicating whether Defendant consents to a motion hearing by videoconference.**

Pursuant to 18 U.S.C. § 3161(h), this Court finds that the ends of justice served by granting such a continuance outweigh the best interests of the public and Defendant in a speedy trial and such continuance is necessary to provide Defendant and his attorney reasonable time necessary for effective preparation and to make efficient use of the parties'

---

[2] *See also* General Order No. 24, which went into effect on December 25, 2020, and extends the Court's authorization to conduct certain criminal proceedings via video or telephone conference pursuant to the CARES Act "[b]ecause the emergency created by the COVID-19 outbreak continues to materially affect the functioning of court operations in the District of Minnesota." *In re: Updated Guidance to Court Operations Under the Exigent Circumstances Created by COVID-19*, Gen. Order No. 19 (D. Minn. Dec. 22, 2020).

resources. Based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion for Continuance of Motion Filing Date (ECF No. 26) is **GRANTED**.

2. The period of time from **January 8, 2021 through March 5, 2021**, shall be excluded from Speedy Trial Act computations in this case.

3. All motions in the above-entitled case must be filed and served consistent with Federal Rules of Criminal Procedure 12(b) and 47 on or before **February 8, 2021**. D. Minn. LR 12.1(c)(1).

4. **Should Defendant file pretrial motions, counsel shall also file a letter on or before February 8, 2021, indicating whether Defendant consents to a motion hearing by videoconference**.

5. Counsel must electronically file a letter on or before **February 8, 2021**, if no motions will be filed and there is no need for hearing.

6. All responses to motions must be filed by **February 22, 2021**. D. Minn. LR 12.1(c)(2).

7. Any Notice of Intent to Call Witnesses must be filed by **February 22, 2021**. D. Minn. LR 12.1(c)(3)(A).

8. Any Responsive Notice of Intent to Call Witnesses must be filed by **February 25, 2021**. D. Minn. LR 12.1(c)(3)(B).

9. A motions hearing will be held pursuant to Federal Rules of Criminal Procedure 12(c) where:

    a. The Government makes timely disclosures and a Defendant identifies in the motions particularized matters for which an evidentiary hearing is necessary; or

    b. Oral argument is requested by either party in its motion, objection or response pleadings.

10. If required, the motions hearing must be heard before Magistrate Judge Tony N. Leung on **March 5, 2021**, at **10:00 a.m.**, in **Courtroom 9W**, Diana E.

Murphy U.S. Courthouse, 300 South Fourth Street, **MINNEAPOLIS**, Minnesota. D. Minn. LR 12.1(d).

11. **TRIAL:**

    a. **IF NO PRETRIAL MOTIONS ARE FILED BY DEFENDANT: the following trial and trial-related dates are:**

    All voir dire questions and jury instructions must be submitted to District Judge Donovan W. Frank on or before **April 2, 2021**.

    This case must commence trial on **April 12, 2021, at 9:00 a.m.** before District Judge Frank in Courtroom 7C, Warren E. Burger Federal Building and U.S. Courthouse, 316 North Robert Street, **SAINT PAUL**, Minnesota.

    b. **IF PRETRIAL MOTIONS ARE FILED, the trial date, and other related dates, will be rescheduled following the ruling on pretrial motions. Counsel must contact the Courtroom Deputy for District Judge Frank to confirm the new trial date.**


Dated:  January ___13___, 2021              *s/Tony N. Leung*
                                            Tony N. Leung
                                            United States Magistrate Judge
                                            District of Minnesota

                                            *United States v. Ramos*
                                            Case No. 20-cr-197 (DWF/TNL)