## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

United States of America,                                          Case No. 20-cr-197 (DWF/TNL)

        Plaintiff,

v.                                                                                          **ORDER**

Esteban Ramos,

        Defendant.

---

This matter comes before the Court on the parties' Joint Motion for Extension of Motion Filing Date, ECF No. 41. Defendant Esteban Ramos has also filed a Statement of Facts in Support of Exclusion of Time Under the Speedy Trial Act, ECF No. 42. The parties are "working to resolve any issues requiring pretrial motions." ECF No. 41 at 1. They "have nearly completed th[is] process and do not believe that a motion hearing will ultimately be required," but need "additional time, due in part to challenges posed by COVID-19." ECF No. 41 at 1. The parties request a 30-day continuance of the deadline to file responses to pretrial motions and the criminal motions hearing date.

Additionally, beginning on March 13, 2020, and continuing thereafter, the Honorable John R. Tunheim, Chief District Judge for the United States District Court for the District of Minnesota, has issued a series of General Orders in connection with the COVID-19 pandemic, addressing, among other things, criminal proceedings and trials.[1] On February 12, 2021, Chief Judge Tunheim entered General Order No. 26, which continues all in-person

hearings, unless the presiding judge determines that an in-person hearing is necessary, through May 2, 2021, and orders that no new criminal trial may commence before May 3, 2021. *See generally In re: Updated Guidance to Court Operations Under the Exigent Circumstances Created by COVID-19*, Gen. Order No. 26 (D. Minn. Feb. 12, 2021).

General Order No. 26 continues to encourage the use of videoconferencing in criminal proceedings and states that, with the defendant's consent, criminal proceedings will be conducted by videoconferencing, or telephone conferencing if videoconferencing is not reasonably available.[2] General Order No. 26 further provides that the presiding judge will enter orders in individual cases to extend deadlines and exclude time under the Speedy Trial Act to address delays attributable to COVID-19.

General Order No. 26, which is hereby incorporated by reference, was implemented based on: (1) the President declaring a national state of emergency in response to COVID-19; (2) the Governor of the State of Minnesota declaring a peacetime emergency to coordinate strategy to protect Minnesotans from COVID-19 and the extension of that emergency declaration; (3) the Governor of the State of Minnesota issuing a series of emergency executive orders imposing certain restrictions on Minnesota residents to prevent

---

[1] All General Orders related to the COVID-19 pandemic may be found on the Court's website at https://www.mnd.uscourts.gov/coronavirus-covid-19-guidance.

[2] *See also* General Order No. 19, which went into effect on September 26, 2020, and extended the Court's authorization to conduct certain criminal proceedings via video or telephone conference pursuant to the CARES Act "[b]ecause the emergency created by the COVID-19 outbreak continues to materially affect the functioning of court operations in the District of Minnesota," *In re: Updated Guidance to Court Operations Under the Exigent Circumstances Created by COVID-19*, Gen. Order No. 19 (D. Minn. Sept. 25, 2020); General Order No. 24, which went into effect on December 25, 2020, vacated General Order No. 19, and extended the Court's authorization to conduct certain criminal proceedings via video or telephone conference pursuant to the CARES Act "[b]ecause the emergency created by the COVID-19 outbreak continues to materially affect the functioning of court operations in the District of Minnesota." *In re: Updated Guidance to Court Operations Under the Exigent Circumstances Created by COVID-19*, Gen. Order No. 24 (D. Minn. Dec. 22, 2020).

and respond to COVID-19; (4) the COVID-19 restrictions imposed by local detention facilities that impact the abilities of pretrial detainees to consult with legal counsel and appear in-person at a U.S. Courthouse; (5) the Bureau of Prisons imposing modified operations; (6) the resumption of limited in-person criminal hearings in July 2020 and the resumption of limited jury trials in September 2020; (7) that effective November 30, 2020, the Court suspended all in-person jury trials that had not already commenced and suspended all in-person hearings, unless the presiding judge determined the in-person hearing was necessary, through January 31, 2021; (8) that Minnesota continues to be in an area of high risk for further COVID-19 spread and there are concerns about the potential increased transmissibility of emerging strains of the COVID-19 virus; and (9) the interests of the health of courtroom participants and court staff, the constitutional rights of criminal defendants, the ability to conduct certain criminal proceedings via videoconference or telephone conference under the CARES Act, and the public's interest in and the Court's duty to ensure the effective and expeditious administration of justice. Specifically, General Order No. 26 states the following concerning the Speedy Trial Act:

> If the proceeding must be continued, the Court finds that the time of the continuances implemented by this order will be excluded under the Speedy Trial Act, as the Court specifically finds that the ends of justice are served by ordering the continuances and outweigh the best interests of the public and of the criminal defendants under 18 U.S.C. § 3161(h)(7)(A). Absent further order of the Court or any individual judge, the period of exclusion shall be from March 17, 2020, or the date of the indictment, whichever is later, to the date that the criminal proceeding takes place. The Court may extend the period of exclusion as circumstances may warrant.

3

The Court previously inquired whether Defendant consented to conducting the criminal motions hearing using videoconferencing. *See, e.g.*, ECF No. 28. Defendant has indicated through counsel that he declines to consent to videoconferencing for the criminal motions hearing. ECF No. 39.

**For the reasons addressed in General Order No. 26 and the well-documented concerns regarding COVID-19, and consistent with the health and safety protocols of this Court, the criminal motions hearing scheduled for March 25, 2021 is continued and shall now take place before Magistrate Judge Tony N. Leung on May 6, 2021, at 10:00 a.m., in Courtroom 9W, U.S. Courthouse, 300 South Fourth Street, MINNEAPOLIS, Minnesota.**

Pursuant to 18 U.S.C. § 3161(h), this Court finds that the ends of justice served by granting a continuance outweigh the best interests of the public and Defendant in a speedy trial and such continuance is necessary to provide the parties reasonable time necessary for effective preparation and to make efficient use of the parties' resources. Further, the Court specifically finds that the ends of justice served by ordering this continuance outweigh the best interests of the public and Defendant's right to a speedy trial under 18 U.S.C. § 3161(h)(7)(A). In addition, under 18 U.S.C. § 3161(h)(7)(B)(i), the Court finds that a miscarriage of justice would result if time were not excluded under these unique circumstances.

Based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

4

1.      The parties' Joint Motion for Extension of Motion Filing Date, ECF No. 41, is **GRANTED**.

2.      The period of time from **February 8 through May 6, 2021**, shall be excluded from Speedy Trial Act computations in this case.

3.      All responses to motions must be filed by **March 24, 2021**. D. Minn. LR 12.1(c)(2).

4.      Any Notice of Intent to Call Witnesses must be filed by **March 24, 2021**.  D. Minn. LR. 12.1(c)(3)(A).

5.      Any Responsive Notice of Intent to Call Witnesses must be filed by **March 29, 2021**.  D. Minn. LR 12.1(c)(3)(B).

6.      A motions hearing will be held pursuant to Federal Rules of Criminal Procedure 12(c) where:

   a.      The government makes timely disclosures and Defendant identifies in the motions particularized matters for which an evidentiary hearing is necessary; or

   b.      Oral argument is requested by either party in its motion, objection or response pleadings.

7.      If required, the motions hearing must be heard before Magistrate Judge Tony N. Leung on **May 6, 2021, at 10:00 a.m.**, in Courtroom 9W, U.S. Courthouse, 300 South Fourth Street, MINNEAPOLIS, Minnesota.  D. Minn. LR 12.1(d).

8.      **IF NO PRETRIAL MOTIONS ARE FILED BY DEFENDANT**, the following trial and trial-related dates are:

   All voir dire questions and jury instructions must be submitted to District Judge Donovan W. Frank on or before **June 25, 2021**.

   This case must commence trial on **July 6, 2021, at 9:00 a.m.** before District Judge Frank in Courtroom 7C, Warren E. Burger Federal Building and U.S. Courthouse, 316 North Robert Street, **SAINT PAUL**, Minnesota.

9.      **IF PRETRIAL MOTIONS ARE FILED, the trial date, and other related dates, will be rescheduled following the ruling on pretrial motions.**

**Counsel must contact the Courtroom Deputy for District Judge Frank to confirm the new trial date.**

Dated:  February_____17_____, 2021

_____*s/ Tony N. Leung*_____
TONY N. LEUNG
United States Magistrate Judge
District of Minnesota

*United States v. Ramos*
Case No. 20-cr-197 (DWF/TNL)