UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Crim. No. 20-197 (DWF/TNL)

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>  )<br>Plaintiff,  )<br>  )<br>v.  )<br>  )<br>ESTEBAN RAMOS, Jr.  )<br>  )<br>  )<br>Defendant.  ) | **PLEA AGREEMENT AND<br>SENTENCING STIPULATIONS** |

The United States of America, by and through its attorneys, W. Anders Folk, Acting United States Attorney for the District of Minnesota, and Samantha H. Bates, Assistant United States Attorney, and Defendant Esteban Ramos, together with his attorney, Douglas L. Micko, agree to resolve this case on the terms and conditions that follow. This Plea Agreement binds only Defendant and the United States Attorney's Office for the District of Minnesota. This Plea Agreement does not bind any other United States Attorney's Office or any other federal or state agency.

## PLEA AGREEMENT

1. **Charges**. Defendant agrees to plead guilty to Count 1 of the Information which charges him with possession of a stolen firearm in violation of Title 18, United States Code, Sections 922(j) and 924(a)(2). In return, the government agrees to move the Court to dismiss the pending Indictment at the time of sentencing.

2. **Stipulated Facts**. Defendant agrees to the following facts and further agrees that, were this matter to go to trial, the United States would prove the following facts beyond a reasonable doubt:

   a. On July 17, 2020, in Kandiyohi County, Minnesota, law enforcement responded to two 911 calls regarding a white pickup truck driving erratically. Upon arrival to the area, officers observed the Defendant nodding off in the driver's seat of the vehicle. Defendant appeared pale, confused, and was grinding his teeth. Defendant admitted that he had used methamphetamine a few days prior.

   b. Officers arranged for a K9 to respond to the scene. Defendant requested to walk to the gas station down the road—law enforcement acquiesced.

   c. The K9 positively alerted on the pickup and a subsequent search revealed a methamphetamine pipe and a loaded 9mm Jennings Bryco handgun. Defendant was later arrested hiding in a nearby bean field. He had a small amount of methamphetamine and 9mm ammunition on his person.

   d. The Jennings Bryco 9mm handgun was manufactured outside the state of Minnesota. Defendant does not dispute that the firearm traveled in interstate and/or foreign commerce prior to his possession of it on July 17, 2020.

   e. Defendant admits that he purchased the 9mm handgun for $250 cash from a known felon prior to July 17, 2020, and he knew it was stolen on that date.

   f. Defendant stipulates and agrees that he possessed the Jennings Bryco 9mm handgun on July 17, 2020, that he acted voluntarily, he knew the firearm was stolen, and that his actions violated the law.

3. **Waiver of Indictment**. Defendant agrees to waive indictment by a grand jury and consent to the filing of a criminal information to the charge of Possession of a Stolen Firearm, in violation of Title 18 United States Code, Sections 922(j) and 924(a)(2).

Defendant further agrees to execute a written waiver of his right to be indicted by a grand jury on this offense.

4. **Waiver of Pre-trial Motions.** Defendant understands and agrees that he has certain rights to make pre-trial motions in this case. As part of this Plea Agreement, and based upon the concessions of the United States within this Plea Agreement, Defendant knowingly, willingly, and voluntarily gives up the right to pursue pre-trial motions in this case and will withdraw any pre-trial motions he has previously filed.

## STATUTORY PENALTIES

5. **Maximum Potential Penalties**.

The parties agree that Count 1 of the Information carries the following statutory penalties:

    a. a maximum of ten years imprisonment;

    b. a supervised release term of up to three years;

    c. a criminal fine of up to $250,000; and

    d. a mandatory special assessment of $100.00, which is payable to the Clerk of Court at the time of sentencing.

6. **Revocation of Supervised Release**. Defendant understands that, if he were to violate any condition of supervised release, he could be sentenced to an additional term of imprisonment up to the length of the original supervised release term, subject to the statutory maximums set forth in 18 U.S.C. § 3583.

**GUIDELINE SENTENCING STIPULATIONS**

7. **Guideline Calculations**. Defendant agrees to be sentenced in accordance with the Federal Sentencing Act, 18 U.S.C. §§ 3551, *et seq.*, with reference to the applicable United States Sentencing Guidelines ("U.S.S.G." or "Guidelines"). Nothing in this Plea Agreement should be construed to limit the parties from presenting any and all relevant evidence to the Court at sentencing. The parties stipulate that the following Guideline calculations are applicable with respect to Count 1 of the Information:

    a.    Base Offense Level. The parties agree that the base offense level is 14 because the Defendant committed the instant offense while prohibited from possessing firearms. U.S.S.G. §2K2.1(a)(6). [1]

    b.    Specific Offense Characteristics. The parties agree that the base offense level should be increased by 2 levels because the firearm was stolen. U.S.S.G. §2K2.1(b)(4)(A). The parties agree that the base offense level should be further increased by 4 levels because the Defendant possessed the firearm in connection with another felony offense. U.S.S.G. §2K2.1(b)(6)(B). The parties agree no other specific offense characteristics apply.

    c.    Acceptance of Responsibility and Other Chapter Three Adjustments. The parties agree that if Defendant (1) provides full, complete and

---

[1] The Government is aware that at least six judges in this district, including this Court, have rejected the argument that the Minnesota drug sale statutes are categorically controlled substance offenses. *See United States v. Mitchell*, 17-CR-264 (DWF/KMM) (Transcript of September 24, 2018 Sentencing at 4-25); *United States v. Bettis*, 17-CR-0048 (WMW/TNL) (Transcript of June 6, 2018 Sentencing at 22-26); *United States v. Jackson*, 17-CR-121 (MJD/DTS) (ECF 50); *United States v. Cribbs*, 16-CR-322 (JRT/KMM) (Transcript of November 22, 2017 Sentencing at 7-8); *United States v. Powell*, 16-CR-187 (PJS/KMM) (Transcript of February 9, 2017 Sentencing at 15-18). Defendant's base offense level is 14 if his three Minnesota controlled substance sale convictions are not considered controlled substance offenses pursuant to U.S.S.G. §2K2.1(a)(2). If counted, Defendant's base offense level would be 24, ultimately resulting in an offense level of 27 (base level 24, increased by 2 levels for possessing a stolen firearm, increased by 4 levels for additional felony conduct, decreased by 3 levels for acceptance of responsibility) and an advisory Guidelines range of 130-162 months' imprisonment.

truthful disclosures to the United States Probation and Pretrial Service Office, including providing complete, accurate and truthful financial information; (2) testifies truthfully during the change of plea and sentencing hearings; (3) complies with this agreement; and (4) undertakes no act inconsistent with acceptance of responsibility before the time of sentencing, the Government agrees to recommend that Defendant receive a two-level reduction for acceptance of responsibility under U.S.S.G. §3E1.1(a), and to move for an additional one-level reduction under §3E1.1(b).

The parties agree that no other Chapter Three adjustments apply in this case.

d. <u>Criminal History Category</u>. Based on the information currently available, the parties believe the Defendant's criminal history points would place him in criminal history category VI. This does not constitute a stipulation, but a belief based on an assessment of the information currently known. Defendant's actual criminal history and related status (which might impact his adjusted offense level) will be determined by the Court based on the information presented in the Presentence Report and by the parties at the time of sentencing.

e. <u>Guideline Range</u>. If Defendant's adjusted offense level is <u>17</u> (base level 14, increased by 2 levels for possessing a stolen firearm, increased by 4 levels for additional felony conduct, decreased by 3 levels for acceptance of responsibility) and his criminal history category is VI, the advisory Guidelines range would be 51-63 months' imprisonment.

f. <u>Fine Range</u>. If the adjusted offense level is 17, the fine range is $10,000 to $95,000. U.S.S.G. §5E1.2.

g. <u>Supervised Release</u>. The Sentencing Guidelines call for a term of supervised release of at least 1 year but not more than 3 years. U.S.S.G. §§5D1.2(a)(2).

8. **Discretion of the Court**. The foregoing stipulations are binding on the parties, but do not bind the Court. The parties understand that the Sentencing Guidelines are advisory and their application is a matter that falls solely within the Court's discretion. The Court may make its own determinations regarding the applicable Guidelines factors

5

and the applicable criminal history category. The Court may also depart from the applicable Guidelines on its own motion. If the Court determines that the applicable advisory Guideline calculations or Defendant's criminal history category and related status are different from that stated above, the parties may not withdraw from this Plea Agreement and Defendant will be sentenced pursuant to the Court's determinations.

9. **Agreements as to Sentencing Recommendation**. The parties agree to recommend to the Court that Defendant receive a sentence of 120 months' imprisonment, and they further agree to move for an upward variance as necessary to effectuate this recommendation. Defendant acknowledges that this provision is consideration for the United States' agreement to dismiss the Indictment, which would have triggered a sentencing enhancement pursuant to the Armed Career Criminal Act, 18 U.S.C. 924(e), and carried a 15-year mandatory minimum sentence. The parties agree that given the offense conduct, Defendant's criminal history, and statutory factors relevant to sentencing, a sentence of 120 months is appropriate in this case.

10. **Special Assessment**. The Guidelines require payment of a special assessment in the amount of $100 for each felony count of which Defendant is convicted. U.S.S.G. § 5E1.3. Defendant agrees that he is obligated to pay this amount.

11. **Forfeiture**. Defendant agrees to forfeit to the United States, pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), any firearms, ammunition, and accessories (including magazines) involved in or used in the violation charged in Count 1 of the Information, including but not limited to a Jennings Bryco 59, 9mm handgun, bearing serial number 944240 and all ammunition, seized on July 17, 2020.

Defendant agrees that the United States may, at its option, forfeit such property through civil, criminal or administrative proceedings, waives any deadline or statute of limitations for the initiation of any such proceedings, and abandons any interest he may have in the property. Defendant waives all statutory and constitutional defenses to the forfeiture and consents to the destruction of the firearm and ammunition.

12. **Waivers of Trial Right**. Defendant understands that he has the right to persist in a plea of not guilty to the charges against him, and if he does, he would have the right to a speedy trial. Defendant understands that by pleading guilty he surrenders this right.

13. **Partial Waiver of Appeal and Collateral Attack**: Defendant understands that 18 U.S.C. § 3742 affords him the right to appeal the sentence imposed in this case. Acknowledging this right, and in exchange for the concessions made by the United States in this Plea Agreement, Defendant hereby waives all rights conferred by 18 U.S.C. § 3742 to appeal his sentence, unless the sentence exceeds 120 months' imprisonment.

Defendant also expressly waives his right to file a petition under 28 U.S.C. § 2255. However, the above-noted waiver shall not apply to a post-conviction collateral attack based on a claim of ineffective assistance of counsel, or a change in the law that retroactively alters Defendant's conviction or any penalties associated therewith. Defendant has discussed these rights with his attorney. Defendant understands the rights being waived, and waives these rights knowingly, intelligently, and voluntarily.

14. **Waiver of Freedom of Information Act and Privacy Act**. Defendant waives all rights to obtain, directly or through others, information about the investigation

7

and prosecution of this case under the Freedom of Information Act and the Privacy Act of 1974, 5 U.S.C. §§ 552, 552A.

15. **Complete Agreement**. This, along with any agreement signed by the parties before entry of plea, is the entire agreement and understanding between the United States and the Defendant.

W. ANDERS FOLK
Acting United States Attorney

Dated: June 22, 2021

_____
SAMANTHA H. BATES
Assistant U.S. Attorney

Dated: June 22, 2021

_____
ESTEBAN RAMOS
Defendant

Dated: 6/22, 2021

_____
DOUGLAS L. MICKO
Attorney for Defendant Esteban Ramos